# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY PIERRE,** *Plaintiff,* v. **DELAWARE COUNTY, et al.,** *Defendants.* | **CIVIL ACTION NO. 22-2989** |

## MEMORANDUM

**BAYLSON, J.**                                                                                        **JANUARY 19, 2023**

### I.  INTRODUCTION

Plaintiff Anthony Pierre is an inmate at George W. Hill Correctional Facility in Delaware County, Pennsylvania. Pierre originally brought this action against the county, the correctional facility, what appears to be its corporate owner, its health partners, and several of its wardens, correction officers, nurses and sergeants alleging federal constitutional violations and negligence. Since filing his original complaint in this case, Pierre has withdrawn his negligence claims and all claims against several of the original Defendants; the remaining Defendants are Geo Corrections and Detention, LLC, C.O. Mike Moore, Sergeant Hamre (misspelled "Hambre" in Plaintiff's pleadings), and Sergeant Ficolle.

Pierre alleges that he sustained injuries from a fight he had with another inmate at the corrections facility, which Pierre claims was a result of Defendants' collective failure to prevent the fight from occurring. Defendants have filed this Motion to Dismiss asserting that Pierre has failed to state a claim upon which relief could be granted. FED.R.CIV.P. 12(b)(6).

For the reasons set forth below, the Court will grant Defendants' motion without prejudice and allow Pierre to file a second amended complaint.

1

## II. JURISDICTION

This Court has subject matter jurisdiction over Pierre's federal and state law claims under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction) because Pierre's federal claims allege violations of the federal Constitution and because Pierre's state law claims arise from the same case and controversy.

## III. FACTS AND PROCEDURAL BACKGROUND

### a. Facts As Alleged

Pierre makes the following allegations of fact in his Amended Complaint. On March 22, 2022, Pierre was an inmate at the George W. Hill Correctional Facility in Delaware County. Pierre was informed by a correction officer, Defendant Hamre, that another inmate named Donald Graham intended to hurt Pierre and that Pierre needed to be moved to a safer location. In particular, Pierre alleges that Hamre informed him that "a credible hit" was "on" Pierre. Pierre wasn't moved for at least another two days. In the meantime, Graham began yelling threats at Pierre through a shared air vent, and a knife was found in Graham's cell following a search.

On March 24, Pierre was prepared for the cell-move by two other correction officers, Defendants Moore and Ficolle. First, however, Moore instructed Pierre to pick up some food trays outside the cell. Pierre, assuming he was safe because the unit was on lockdown at the time, began to do so. While Pierre was picking up the trays, Moore opened two inmates' cells. According to Pierre, it is standard policy to handcuff inmates when they exit their cells, but neither of these inmates were handcuffed. Pierre then remembers water being poured down his back and someone punching him in the face. As Pierre tried to defend himself, he fell backward and hit his face on a bench. A scuffle ensued, during which Pierre fell and injured his right leg and knee. Immediately after, the fighting inmates were separated by correction officers and

Pierre was taken to the medical station. There, a nurse told Pierre he was not injured and Pierre was sent back to his cell.

The next morning, Pierre woke to intense pain in his right leg and knee. His requests for treatment were denied. Pierre was denied treatment multiple times and threatened with solitary confinement if he continued.

On March 26, Pierre complained of intense pain and swelling in his right leg and knee. Pierre couldn't walk or stand due to pain.

Weeks passed without Pierre receiving treatment despite promises that he would be examined by a nurse and receive X-Rays. On April 6, 2022, a nurse examined Pierre and diagnosed him with a swollen tendon. She gave Pierre some ibuprofen and recommended light activity.

Pierre claims that aside from the April 6 meeting with the nurse, he hasn't received any treatment whatsoever and continues to suffer from his injuries. He brings a single count against the Defendants: a claim under 42 U.S.C. § 1983 for an Eighth Amendment violation related to Defendants' failure to protect Pierre from being assaulted by the other inmates. Pierre asks for compensatory damages, punitive damages, attorney's fees and any further equitable or injunctive relief.

### b. Procedural Background

Pierre originally filed this lawsuit in June 2022 in the Court of Common Pleas of Delaware County. The case was removed to federal court in July 2022. In August and September 2022, three separate motions to dismiss were filed by different groups of Defendants in the case. On September 16, 2022, Pierre filed an Amended Complaint, and the Court

dismissed the pending motions as moot. In the Amended Complaint, Pierre did not include as defendants the county, the nurses, nor the healthcare partners.

On September 30, 2022, Defendants Williams, Faly, Mastroddi, Geo Corrections and Detentions LLC, K. Moore, Mike Moore and Hamre filed this Motion to Dismiss Plaintiff's Amended Complaint. Pierre filed a Response in Opposition on November 14, 2022, in which he withdrew his claims against Defendants Williams, Faly, Mastroddi, K. Moore, Blee, and Richberg.

## IV.  STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008) (internal citations and quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007)). However, a court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 556 U.S. at 663 (citing Twombly, 550 U.S. at 555). "'A formulaic recitation of the elements of a cause of action will not do.'" Phillips, 515 F.3d at 231 (quoting Twombly, 550 U.S. at 555).

## V.  ANALYSIS

The remaining Defendants make several arguments in their motion. However, not all of them need to be addressed given certain procedural events and concessions made by Pierre in his Response. First, personal jurisdiction is no longer an issue because the only remaining

4

Defendants claiming defective service—Defendants Hamre, Mike Moore, and Ficolle—have waived service in this case.  <u>See</u> ECF 34.  Second, Defendants' qualified immunity argument no longer applies because Pierre has withdrawn his claims against Defendants Williams, Faly and Mastroddi.  Lastly, Pierre has withdrawn his negligence claims, so the Court does not need to address the arguments regarding those claims.

The Court will address Defendants' remaining arguments below.

### a. Claims Against Defendant GEO Corrections and Detention, LLC Dismissed Without Prejudice.

Defendant argues that Defendant GEO Correction and Detention, LLC ("GEO") must be dismissed because Pierre does not allege any wrongdoing on GEO's behalf.  The Court agrees.  Aside from naming GEO as a Defendant and describing it as a "limited liability company . . . act[ing] in its official capacity," Pierre does not include any other information or make any other allegations about GEO as a defendant in this action.  In response, Pierre argues that GEO was a "policymaker" and rests on "the benefit of all reasonable inferences."  Rule 12 requires a showing of entitlement to relief, and merely naming a defendant without describing who the defendant is in the context of the case or how the defendant contributed to the plaintiff's injuries does not entitle a plaintiff to anything from that defendant.  Pierre's claims against GEO will be dismissed without prejudice.

### b. Claims Against Defendants Hamre, Moore and Ficolle Dismissed Without Prejudice

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (quoting <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993)).  In determining whether

a prison official has violated the Eighth Amendment, the Third Circuit has prescribed a two-part test: (1) the prison official's acts or omissions must have denied the prisoner "the minimal civilized measure of life's necessities," and (2) the prison official must have acted with deliberate indifference the inmate's "health or safety."  Porter v. Pennsylvania Dept. of Corrections, 974 F.3d 431, 441 (3d Cir. 2020) (citing Farmer, 511 U.S. at 834, 837).

Defendants do not contest the first prong of the two-part test, and the Court finds that Pierre has sufficiently pleaded facts showing the first prong is satisfied.  To satisfy the first prong, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  Mammana v. Fed. Bureau of Prisons, 934 F.3d 368, 373 (3d Cir. 2019).  "Prison officials have a duty to protect inmates from violence at the hands of other inmates."  Robinson v. Johnson, 449 Fed.Appx. 205, 208 (3d Cir. 2011) (citing Farmer, 511 U.S. at 833).  Here, Pierre has adequately pleaded that he suffered injuries as a result of violence from other inmates, so the first prong is satisfied.

Defendants do, however, argue that Pierre has not sufficiently pleaded deliberate indifference.  The deliberate indifference prong of the two-part Eighth Amendment test is "evaluated under a subjective standard."  Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021).  That standard requires the Court to determine whether "'the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety' and disregarded that risk."  Id. (quoting Beers-Capitol v. Whetzel, 256 F.3d 120, 125, 132 (3d Cir. 2001)).

The problem with this case is the fragile nature of Pierre's allegations.  Pierre alleges that it was Defendant Hamre who informed Pierre that there was "a credible hit" on him from another inmate, Donald Graham, and that this would necessitate a cell-move.  But then Pierre also alleges that it was Defendants Moore and Ficolle, not Hamre, who were physically present for and

6

facilitated the cell-move.  Pierre also alleges that it was Moore and Ficolle—again, not Hamre—who were responsible for letting the other two inmates (neither of whom were identified as Donald Graham in the pleadings) out of their cells, leading to the fight and Pierre's injuries.  To get from point A to point B in finding that the deliberate indifference prong of the test is satisfied, (1) Moore and Ficolle would have to have been aware of the "credible hit" on Pierre, (2) Moore and Ficolle would have to have understood the "credible hit" meant the two inmates they let out were seeking to hurt Pierre, and (3) Hamre's involvement in the cell-move would have to have exposed him to liability.  It is clear that knowledge is a required element for liability in this situation: "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.*"  Farmer, 511 U.S. at 837 (emphasis added).  Pierre has not pleaded sufficient facts to establish this element.

For his part, Pierre argues that it is enough that "Defendants knew Plaintiff was in danger but failed to protect Plaintiff."  The Court disagrees.  Even viewing the allegations in a light most favorable to Pierre, actual knowledge is still missing, and the dots remain unconnected.  See Chavarriaga v. New Jersey Dept. of Corrections, 806 F.3d 210, 230 (3d Cir. 2015) (affirming dismissal because defendant did not have actual knowledge of risk of harm and knowledge could not be inferred merely based on rank as supervisor); Bistrian v. Levi, 696 F.3d 352, 371 (3d Cir. 2012) (lack of connection between plaintiff prisoner and inmates that attacked him vitiated defendants' awareness of substantial risk of exposing plaintiff to those inmates), abrogated on other grounds, Mack v. Yost, 968 F.3d 311, 319 n.7 (3d Cir. 2020); Robinson v. Johnson, 449

Fed.Appx. 205, 208 (3d Cir. 2011) (brief exposure of plaintiff prisoner to an uncuffed inmate did not pose a substantial risk of harm).

The Court notes that Pierre does not need to plead direct facts to satisfy the second prong of the Eighth Amendment test; adequate circumstantial evidence may permit the Court to infer that Defendants had actual knowledge of the substantial risk to Pierre. Shorter, 12 F.4th at 374 ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence"). But Pierre does need to plead more than what he has offered the Court so far.

Because Pierre has failed to plead facts showing that Defendant Hamre failed to protect Pierre and that Defendants Moore and Ficolle knew Pierre was in danger, which is necessary under the Third Circuit's two-part Eighth Amendment test, the Court will grant the Motion to Dismiss as to the claims against those Defendants without prejudice and allow Pierre to file an amended complaint.

## VI. CONCLUSION

For the above reasons, the Court will grant Defendants' Motion to Dismiss Plaintiff's Amended Complaint without prejudice and will grant Plaintiff leave to amend his complaint. An appropriate order follows.